CITY OF MONTPELIER *v.* TOWN OF SHARON.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1943.

*Wilson & Keyser* for the defendant.

*Fred E. Gleason* for the plaintiff.

BUTTLES, J.   Previous to 1928 one Charles Gusha had acquired a residence, under the Vermont pauper law, in Sharon by living in that town continuously for three years or more supporting himself and family.   In April, 1928, he removed to Maine and remained out of Vermont until 1935 when he returned and was thereafter in this state until his death on September 4, 1938, but during that time did not reside in any town for three years continuously.   On August 25, 1938, Gusha was taken ill and was removed to the Heaton Hospital in Montpelier where he remained until his death.   The expenses of his treatment at the hospital and of his funeral were paid by the City of Montpelier which has brought this action in contract for reimbursement under the provisions of P. L. Secs. 3926 and 3927.   These sections provide for furnishing relief to transient persons who suddenly become ill or disabled in a town and for obtaining reimbursement therefor, in certain cases, from the town in which the transient has a legal residence.   The required notice, preliminary to suit, was mailed on August 25, 1938, and received in due course by the overseer of the poor of Sharon. The writ was dated Dec. 5, 1939, and service was made on December 18, 1939. The plaintiff had judgment in Montpelier Municipal Court and the case comes here on the defendant's exceptions.

It is admitted that the defendant would be liable were it not for

the provisions of No. 70 of the Acts of 1939, which became effective April 4, 1939, and the only question presented for our consideration is the effect, if any, of that Act upon such liability. The act in question reads thus:

"An Act Relating to the Pauper Residence and Support of Persons Removing from this State and to the Effect of such Removal.

Sec. 1. *Loss of Residence.* A person removing from this state, if he is absent from this state for three consecutive years, shall lose his residence in this state theretofore acquired under chapter 160 of the Public Laws relating to the residence and to the support of paupers.

Sec. 2. *Repeal.* All acts and parts of acts inconsistent with this act are hereby repealed.

Sec. 3. This act shall take effect from its passage."

The plaintiff contends that the application of this Act to the present controversy would violate the provision of Art. I, Sec. 10 of the Constitution of the United States in that it would impair the obligation of a contract, but in the view we take of the case this contention need not be considered.

The gist of the 1939 act is that "a person removing from this state, if he is absent from this state for three consecutive years, *shall lose his residence* in this state" etc. Mr. Gusha died on Sept. 4, 1938. It is obvious that he had not then lost his residence in Sharon by virtue of the Act of 1939 which did not take effect until April 4, 1939. When that act became effective it is not apparent how it could take away the residence of a man who was already dead. To hold that it had that effect would clearly be an absurd construction.

We hold that the present action is not affected by No. 70 of the Acts of 1939.

*Judgment affirmed.*